IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| NATIONAL CITY MORTGAGE, A DIVISION OF NATIONAL CITY BANK OF INDIANA, NKA NATIONAL CITY BANK, | * * * * * | |
| Plaintiff, | * | |
| vs. | * | No. 4:10cv0229 SWW |
| | * * | |
| CHRIS W. SCHROCK or VALERIE L. SCHROCK, and/or OCCUPANTS OF 59 EAGLE CREST DRIVE, CONWAY, ARKANSAS, | * * * * * | |
| Defendants. | * | |

ORDER

On February 25, 2010, plaintiff, National City Mortgage, a division of National City Bank of Indiana nka National City Bank, filed a Complaint for Writ of Assistance pursuant to Ark. Code Ann. §§ 18-50-101 *et seq*. in the Circuit Court of Faulkner County, Arkansas, with respect to the continued occupation by defendants Chris W. Schrock and Valerie L. Schrock of the above-referenced property even though the property has been foreclosed and sold. On April 7, 2010, defendants, proceeding *pro se*, removed the action to this Court.

Now before the Court is plaintiff's motion to remand [doc.#4] to which defendants have responded in opposition. Having considered the matter, the Court grants plaintiff's motion to remand.

In their notice of removal, defendants state that under 28 U.S.C. § 1441(b), "a party to a civil case may remove to federal court an action involving the violation of the equal civil rights of Citizens of the United States" and that they are "removing this case because of the lack of

standing of the Plaintiff, and the violations of procedural and substantive due process that are a part of this lack of standing." In their response to plaintiff's motion to remand, defendants state that they "cannot receive fair and impartial justice in the state court, because the state court uses a 'good ole boy' system of justice ...." Defendants, however, may remove civil actions to federal court only if the claims could have been originally filed in federal court. *Central Iowa Power Co-op. v. Midwest Independent Transmission Sys. Op., Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citing 28 U.S.C. § 1441(b); *Gore v. Trans World Airlines,* 210 F.3d 944, 948 (8th Cir.2000)). Here, defendants are seeking to remove plaintiff's action on the basis of federal-question jurisdiction. Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction. *Id*. (citing *Green v. Ameritrade, Inc.,* 279 F.3d 590, 596 (8th Cir.2002)). All doubts about federal jurisdiction must be resolved in favor of remand. *Id*. (citing *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir.2007)).[1]

Removal based on "federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). Because this well-pleaded complaint rule "makes the plaintiff the master of the claim[, the plaintiff] may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Defendants are "not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law."

---

[1] Federal question jurisdiction extends only to civil actions arising under the Constitution, laws, or treaties of the United States. *McLain v. Anderson Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). In their response to plaintiff's motion to remand, defendants briefly reference "diversity of citizenship of the parties" but they do not argue that all of the requirements of diversity jurisdiction have been met. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants).

*Id.* (quoting *Gore,* 210 F.3d at 948).  It is firmly established that a federal defense, including a preemption defense, does not provide a basis for removal, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue in the case."  *Id.* (quoting *Caterpillar,* 482 U.S. at 393).

      Here, the Court agrees with plaintiff that their action arises exclusively under state law and that no federal cause of action is stated on the face of the complaint (or even substantially implicated).  Accordingly, removal based on federal question jurisdiction was improper.  Defendants assert general federal defenses to the action plaintiff is taking, but a federal defense does not give the defendant the right to remove to federal court.  Accordingly, the Court finds that this action must be remanded to state court for lack of subject matter jurisdiction.

                    IT IS SO ORDERED this 11th day of May 2010.

                                  <u>/s/Susan Webber Wright</u>

                                  UNITED STATES DISTRICT JUDGE